UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.P. PARNELL,<br><br>        Plaintiff,<br><br>   v.<br><br>CHEN, et al.,<br><br>        Defendants. | No. 2:16-cv-0749 JAM AC P<br><br><br><br>ORDER |

I.    Introduction

Plaintiff is a state prisoner at California Medical Facility (CMF) under the authority of the California Department of Corrections and Rehabilitation (CDCR), challenging conditions of his prior confinement at California State Prison Solano (CSP-SOL). Plaintiff proceeds pro se with a complaint filed pursuant to 42 U.S.C. § 1983, and an application to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, plaintiff is granted leave to proceed in forma pauperis, and his complaint is dismissed with leave to amend.

II.    In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 7, will be granted.

1

As a result, plaintiff must, over time, pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

III.     Screening of Plaintiff's Complaint

   A.     Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Plaintiff's Allegations

Plaintiff filed his complaint while incarcerated at California State Prison Solano (CSP-SOL); he was thereafter transferred to CMF. The complaint presents one claim, deliberate indifference to plaintiff's serious medical needs, against four defendants, based on the refusal of CSP-SOL medical staff to provide plaintiff with soft (canvas-upper) shoes. Plaintiff avers that he has severe arthritis and that wearing hard shoes causes him "incessant pain." Review of the Inmate Locator website operated by CDCR indicates that plaintiff is 73 years of age.[1] The complaint seeks damages in the amount of $375,000, but does not seek injunctive relief, e.g., that plaintiff be given soft shoes. ECF No. 1 at 6.

The complaint is premised on plaintiff's argument that his request for soft shoes was denied "because CSP-Solano Medical has entered into a contractual agreement with a private vendor . . . [with a] limited scope of . . . medical appliance[s]." Id. at 6. Plaintiff alleges that,

---

[1] See http://inmatelocator.cdcr.ca.gov/ This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

3

when he was transferred from California State Prison-Los Angeles County (CSP-LAC) to CSP-SOL, he presented a chrono for soft shoes to defendant Dr. Chen. He alleges that Dr. Chen conducted a cursory examination of plaintiff's feet and informed plaintiff that he could prescribe only the standard orthopedic or orthotic shoes, for which plaintiff would need to make a $60 co-pay. Plaintiff refused to authorize the $60 deduction from his prison trust account, maintaining that he required only $8 soft shoes. Plaintiff contends that he was never permitted to try the orthotic shoes, and that Dr. Chen was "remiss" in failing to refer plaintiff to a podiatry specialist and "negligent" in declining to assess the correctness of his diagnosis. Id. at 13.

Plaintiff avers that he submitted a Reasonable Accommodation Request that was converted to a CDCR 602 Inmate Appeal, and that he also submitted a Healthcare Appeal.[2] Defendant RN Baumert provided the initial response to plaintiff's Healthcare Appeal, No. SOL HC 14039979, on January 6, 2015. Id. at 19. Plaintiff alleges that Baumert "completely focus[ed] on the issue of the $60 co-pay fee," and encouraged plaintiff to "sign the form" authorizing the deduction from his prison trust account because he had no funds from which the amount would actually be deducted. Id. Later, on July 8, 2015, defendant Baumert cancelled plaintiff's request for reconsideration of his fully exhausted Healthcare Appeal. Id. at 20.

Defendant Supervising RN R. Claros provided the Second Level Response to plaintiff's January 2015 Healthcare Appeal. Noting that plaintiff was wearing personal tennis shoes during the interview, Claros told plaintiff (and stated in the appeal decision) that he should just continue wearing his own shoes. Plaintiff explained that doing so was unauthorized but Claros did not offer to generate an authorizing chrono. Claros construed the appeal as plaintiff's "perceived unwillingness to sign the trust withdrawal for the co-pay of $60." Id. at 16.

Defendant J. Lewis, "Deputy Director, Healthcare Services," denied plaintiff's Healthcare Appeal at the final level. Plaintiff alleges that Lewis "was fully remiss in his duties to alleviate and/or eliminate needless suffering when [in response to plaintiff's statement that canvas shoes were used in Ad Seg and for transportation] he referred plaintiff to 'custody' in response to [his]

---

[2] Although plaintiff cites numerous exhibits, none are attached to the complaint.

1 | request for medical care." Id. at 14-5.

## C. Analysis

Several problems beset the complaint. First, plaintiff's allegations that defendants were negligent and "remiss" fail to meet the legal standard for deliberate indifference. To state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong ... is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

In the present case, each of the named defendants acknowledged plaintiff's arthritic pain, if only implicitly, and offered plaintiff orthotic shoes, subject to a $60 co-pay, which was apparently the only relevant treatment option available to medical staff. At least one of the defendants encouraged plaintiff to continue wearing his personal tennis shoes. And another encouraged plaintiff to pursue the matter with custody staff. These reactions, as framed, do not demonstrate a deliberate "failure to respond" to plaintiff's complaints of pain.

Second, as a matter of law, a "difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citations and internal quotation marks omitted); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (same). Further, "where a defendant has based his actions on a medical judgment that

either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law. To prevail under these principles, [a plaintiff] must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, and [chosen] in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citations and internal quotation marks omitted).

Third, plaintiff's failure to seek injunctive relief – i.e. that he be given soft shoes or formally accorded permission to wear his own tennis shoes – is perplexing, although such request would have been mooted by plaintiff's transfer to CMF. See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) ("when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility"). Although plaintiff can continue to pursue monetary damages, he may not obtain compensatory damages based on mental or emotional injury without a showing of physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). "[F]or all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than de minimis." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

Finally, plaintiff cannot pursue a claim against any defendant for failing to resolve his Healthcare Appeal (or any inmate grievance) favorably. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (failure to process a prisoner's grievances is not actionable under Section 1983); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (prisoners have no stand-alone due process rights related to the administrative grievance process); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest entitling prisoners to a specific grievance process).

IV.     Leave to File a First Amended Complaint

For these reasons, the complaint must be dismissed. Nevertheless, the court will grant plaintiff leave to file a First Amended Complaint (FAC) within thirty days after service of this order.

In a FAC, plaintiff may attempt to state a cognizable Eighth Amendment claim against one or more of the defendants, subject to the legal standards set forth herein. Any new claim must allege an actual connection or link between the challenged conduct of a specific defendant and the alleged violation of plaintiff's constitutional rights. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

The FAC must be on the form provided, must be labeled "First Amended Complaint," and must provide the case number assigned this case. The FAC must be complete in itself without reference to the original complaint. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Plaintiff should attach copies of the exhibits referenced in (but not included with) his original complaint, together with his index to the exhibits.

The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A. Failure to timely file a FAC will result in the dismissal of this action without prejudice.

V. Summary for Pro Se Litigant

You have been granted in forma pauperis status to proceed in this action; you will pay the filing fee over time with deductions from your prison trust account.

The court has screened your complaint and found that it fails to state a cognizable claim because your allegations fail to specifically describe how any defendant acted with deliberate indifference to your serious medical needs. The court has provided you guidance in stating a cognizable claim, and granted you leave to file a First Amended Complaint within thirty days.

VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 7, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's original complaint, ECF No. 1, is dismissed in its entirety with leave to file a proposed First Amended Complaint (FAC) within thirty (30) days after service of this order, subject to the legal standards set forth herein. Failure to timely file a FAC will result in the dismissal of this action without prejudice.

4. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

SO ORDERED.

DATED: November 2, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE